# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**JUSTIN P. ROLLYSON,**
**Claimant Below, Petitioner**

**FILED**
December 11, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)     No. 19-0967** (BOR Appeal No. 254230)
                       (Claim No. 2017010108)

**KANAWHA COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Justin P. Rollyson, by Counsel Patrick K. Maroney, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Kanawha County Board of Education, by Counsel Steven K. Wellman, filed a timely response.

The issues on appeal are reopening of the claim for permanent partial disability and additional compensable conditions. The claims administrator denied reopening of the claim for permanent partial disability on January 29, 2018. On April 5, 2018, the claims administrator denied the addition of toxic effect of aflatoxin, arthropathy in hypersensitivity reaction, contact with and exposure to mold, chronic fatigue, and inflammatory polyarthritis to the claim. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decisions in its April 17, 2019, Order. The Order was affirmed by the Board of Review on September 24, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Rollyson, a teacher, developed aspergillosis as a result of work-related exposure. The October 31, 2016, Employees' and Physicians' Report of Injury indicates Mr. Rollyson was exposed to heavy black mold in his classroom. The physician's section was completed by Kathleen Lovin, PA, and the diagnosis was listed as systemic respiratory fungal infection of the lungs and sinuses. The injury was described as exposure to mold. The claim was held compensable for aspergillosis on November 14, 2016.

1

A December 14, 2016, treatment note by Tom Takubo, D.O., with Pulmonary Associates of Charleston, indicates Mr. Rollyson was treated for aspergillosis. He reported shortness of breath, cough, and chest tightness. Dr. Takubo diagnosed shortness of breath, weakness, and yeast infection. Mr. Rollyson underwent a chest CT scan which showed nothing abnormal. He also underwent pulmonary function studies that day which showed mild obstruction. A CT scan of the sinus showed no significant abnormalities on December 19, 2016.

Mr. Rollyson returned to Dr. Takubo on January 5, 2017, and was diagnosed with shortness of breath, abnormal PFTs, cough, and frequent infections. It was noted that his symptoms were aggravated by something at his work-place. It was also noted that there was a mold issue. Mr. Rollyson underwent immunoglobulin testing, which showed a minor elevation in IgM on January 10, 2017.

January 18, 2017, testing from Asthma and Allergy Center indicates testing for allergens and fungi was negative. A second reading showed positive for three molds. Pulmonary function testing was normal. On January 23, 2017, Mr. Rollyson underwent skin prick testing for inhalants, which were all negative. Mr. Rollyson reported his worst symptom as fatigue. He was diagnosed with sinusitis, immunodeficiency, cough, allergic rhinitis, and shortness of breath.

Mr. Rollyson was seen for a consultation with Michael Goins, M.D., from Ear, Nose, and Throat Associates of Charleston on February 13, 2017. He reported sinus issues that had been present for years. He also reported recent improvement in his symptoms. Mr. Rollyson continued to experience chronic nasal congestion; septal deviation; and chronically inflamed inferior turbinates, most likely due to chronic fungal issues at his place of employment.

Syam Stoll, M.D., performed an independent medical evaluation on March 20, 2017, in which Mr. Rollyson reported constant fatigue, occasional headaches, difficulty breathing, and dull body aches. Dr. Stoll noted that the claim was held compensable for aspergillosis. He opined that the condition was not causally related to Mr. Rollyson's work environment. Dr. Stoll noted that the primary care providers diagnosed recurrent sinus infections since April of 2015. He had previously been diagnosed with migraines, history of sinus fungal infection due to black fungus, inflammatory polyarthropathy, and fatigue. Dr. Stoll further found that Mr. Rollyson underwent fungal antibodies testing on October 22, 2016, which was negative. Dr. Stoll opined that aspergillosis is not supported by the medical records. He stated that fungal infections do not occur in non-immunocompromised people, and based on testing, Mr. Rollyson is not immunocompromised. Testing also failed to show upper or lower respiratory tract colonization or infection with any fungal species. Dr. Stoll found that none of the medical records showed objective testing indicating Mr. Rollyson was positive for Aspergillus mold in his respiratory system. Dr. Stoll opined that Mr. Rollyson was suffering from allergic rhinitis, not a mold or fungal infection. He noted that Mr. Rollyson reported that his symptoms had not improved despite the fact that he had not been to work in six months. Dr. Stoll opined that there was no impairment due to aspergillosis since the evidence shows no causal connection between Mr. Rollyson's symptoms and his work environment. Dr. Stoll assessed 3% impairment for adjustments for effects of treatment.

In an April 10, 2017, treatment note, Dr. Takubo noted that Mr. Rollyson's condition remained the same. The diagnoses were abnormal PTFs, cough, shortness of breath, snoring, and hypersomnia. CT scans of the sinuses and chest were negative. Mr. Rollyson saw Ms. Lovin on May 2, 2017. It was noted that he had recurrent sinus and bronchial fungal infections that improved with treatment. When he returned to work, he got sick again. Mr. Rollyson was granted a 3% permanent partial disability award on May 15, 2017.

In an October 15, 2018, independent medical evaluation, Christopher Martin, M.D., stated that pulmonary function testing performed on July 26, 2017, was interpreted as showing mild obstruction. Dr. Martin opined that the interpretation was incorrect. He stated that Mr. Rollyson's spirometry on that date was normal and that lung volumes all exceeded reference ranges.

At the request of Ms. Lovin, Mr. Rollyson was treated by Raj Sindwani, M.D., for post-nasal drainage and fatigue on October 13, 2017. Mr. Rollyson reported sinusitis for the past four years due to fungal infections. He stated that he is a teacher and Aspergillus mold was found in his classroom. A nasal endoscopy was performed and showed a mild non-obstructive septal deviation. A sinus CT scan showed a deviated septum. Dr. Sindwani diagnosed chronic cough, headache, and fatigue. He noted that the nasal endoscopy and CT scans were normal. He recommended Mr. Rollyson be evaluated for chronic fatigue and that he consider an evaluation by an allergy/immunologist or pulmonologist. Mr. Rollyson was evaluated by Lily Pien, M.D., an allergy/immunologist, on November 13, 2017. Dr. Pien found that the only abnormal labs were EBV titers. She diagnosed chronic rhinitis, history of fungal sinusitis, elevated EBV titers, and chronic fatigue.

On January 1, 2018, Mr. Rollyson completed a claim reopening application for permanent partial disability in which he alleged that he suffered an aggravation or progression of his compensable disease. The physician's section was completed by Ms. Lovin who stated that Mr. Rollyson suffered an aggravation/progression of his aspergillosis since his last evaluation for permanent partial disability. She opined that he could return to work once it was cleared of mold/fungus. Ms. Lovin further opined that Mr. Rollyson had not yet reached maximum medical improvement. She then stated that he had 20% whole person impairment. Mr. Rollyson was treated at the Cleveland Clinic for chronic rhinitis and chronic fatigue syndrome on January 2, 2018. On January 29, 2018, the claims administrator denied reopening of the claim for permanent partial disability benefits.

Letitia Tierney, M.D., completed a diagnosis update on April 5, 2018, in which she listed the diagnoses as Aspergillosis, toxic effect of aflatoxin, arthropathy in hypersensitivity reaction, contact with exposure to mold, chronic fatigue, and inflammatory polyarthritis. She opined that due to repeated and prolonged exposure to Aspergillus at work, Mr. Rollyson suffered a systemic toxic effect, which resulted in a chronic inflammatory condition. She further opined that due to the repeated exposure, he became hypersensitive, as seen in labs showing complement C4 levels that were four times normal levels. Dr. Tierney stated that Mr. Rollyson had reached maximum medical improvement. The claims administrator denied the addition of toxic effect of aflatoxin, arthropathy

in hypersensitivity reaction, contact with and exposure to mold, chronic fatigue, and inflammatory polyarthritis to the claim on April 25, 2018.

Mr. Rollyson testified in an August 9, 2019, deposition that when his classroom was tested in October of 2016, it was positive for over 900 parts per million Aspergillus. His students were immediately removed from the classroom, and he was sent home. Mr. Rollyson stated that he has developed sensitivity to certain foods, the sun, and activity. He stated that he did not experience hypersensitivity prior to his classroom exposure. He has also developed chronic fatigue, polyarthritis, and fatigue. Mr. Rollyson testified that he has seen an allergist and has no allergies. He testified that he has not been to work since October of 2016, but his symptoms have not improved. Mr. Rollyson stated that the symptoms come and go, but the inflammation is constant.

In an October 15, 2018, independent medical evaluation, Dr. Martin diagnosed mild obstructive sleep apnea, ambiguous evidence of prior EBV viral infection, and nasal septal deviation. He opined that none of the conditions were related to Mr. Rollyson's employment. Dr. Martin stated that Mr. Rollyson had not been able to work for two years, which was inconsistent with his report that he continues to deer hunt. He had not improved despite visits with several physicians and multiples methods of treatment. Dr. Martin opined that there was no justification for diagnosing Mr. Rollyson with vague terms such as toxic effect of aflatoxin, arthropathy in hypersensitivity reaction, chronic fatigue, and inflammatory polyarthritis. Dr. Martin opined that he should be encouraged to be as active as possible and should be encouraged to return to work. Dr. Martin found no evidence to support an aggravation or progression of the compensable diagnosis. He also found no support for an additional permanent partial disability award.

The Office of Judges affirmed the claims administrator's decisions denying reopening of the claim for PPD and denying the addition of toxic effect of aflatoxin, arthropathy in hypersensitivity reaction, contact with and exposure to mold, chronic fatigue, and inflammatory polyarthritis to the claim in its April 17, 2019, Order. Concerning the issue of permanent partial disability, the Office of Judges found that Ms. Lovin assessed 20% impairment and Dr. Stoll found 3% impairment. Mr. Rollyson was granted a 3% award based on Dr. Stoll's report. The Office of Judges found insufficient evidence to reopen the claim for an additional permanent partial disability award. Dr. Martin opined that there was no evidence to support permanent partial disability in this case. He also found no aggravation or progression of Mr. Rollyson's disease. The Office of Judges therefore affirmed the claims administrator's decision.

Regarding additional compensable conditions, the Office of Judges found that the addition of toxic effect of aflatoxin, arthropathy in hypersensitivity reaction, contact with and exposure to mold, chronic fatigue, and inflammatory polyarthritis was requested by Dr. Tierney. Dr. Martin opined that the conditions were vague and unrelated to the compensable injury. He stated that Aspergillus is a common microorganism that is found everywhere, including outdoors. Dr. Martin further stated that Mr. Rollyson's positive sputum test was of no clinical significance because microscopy was negative from the samples, difference species were identified in different samples, and there is no evidence of chronic lung disease or immunosuppression. Laboratory results showed normal immune function. Dr. Martin opined that normal, healthy adults do not develop aspergillosis. Dr. Martin found no evidence to support the requested diagnoses.

4

The Office of Judges found that Dr. Tierney requested the addition of toxic effect of aflatoxin to the claim. She stated in the diagnosis update request that Mr. Rollyson suffered systemic toxic effect as a result of prolonged, repeated exposure to Aspergillus at work. The Office of Judges found that Dr. Martin opined, however, that aflatoxins are produced by both Aspergillus flavus and Aspergillus parasiticus, and humans are most commonly exposed through contaminated food. He stated that he had never heard of a person being exposed to aflatoxin through inhalation from an indoor environment. He further stated that aflatoxin causes liver cancer, and Mr. Rollyson has normal liver functioning. The Office of Judges found Dr. Martin's opinion to be persuasive.

Regarding arthropathy in hypersensitivity reaction, Dr. Tierney opined that Mr. Rollyson suffered from chronic inflammation due to overactive immune responses. She stated that the repeated exposure to toxic irritants caused him to experience immune changes resulting in hypersensitivity. The Office of Judges found that Dr. Martin opined in his evaluation that there is no evidence of hypersensitivity. Mr. Rollyson was tested and had no sensitivity to molds or to Aspergillus specifically. Further, Mr. Rollyson was assessed by both a lung specialist and an allergist and had no allergic or asthmatic disorder.

The Office of Judges next turned to the addition of inflammatory polyarthritis to the claim. Dr. Martin opined that there was no evidence to support the diagnosis. He stated that arthropathy or inflammatory polyarthritis sufficient enough to debilitate Mr. Rollyson would have resulted in abnormalities to his complete blood count, ESR, and/or C-reactive protein. Mr. Rollyson's results were all normal. Dr. Martin further stated that there was no evidence of generalized infection or inflammation. The Office of Judges found his opinion to be reliable.

Regarding the requested diagnoses of contact with and exposure to mold and chronic fatigue, Dr. Martin opined that there was no evidence to support such diagnoses. Dr. Stoll also found the conditions to be unrelated to Mr. Rollyson's work-place environment. Dr. Stoll opined that aspergillosis was not supported by the record. He stated that fungal infections do not occur in non-immunocompromised people, which testing indicates Mr. Rollyson is not. Dr. Stoll further stated that blood work, x-rays, and CT scans were all negative and there was no indication of respiratory fungal infection. Dr. Stoll opined that Aspergillus mold is extremely common and is present both indoors and outdoors. Dr. Martin agreed with Dr. Stoll's finding that the requested conditions should not be held compensable. The Office of Judges found their opinions to be persuasive. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on September 24, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The persuasive evidence of record indicates that Mr. Rollyson has not suffered an aggravation or progression of his condition, nor has he provided facts not previously considered to justify reopening the claim for permanent partial disability benefits. He has been fully compensated by his prior 3% award. The Office of Judges, and by extension Board of Review, were also correct to affirm the denial of the addition of toxic effect of aflatoxin, arthropathy in hypersensitivity reaction, contact with and exposure to mold, chronic fatigue, and inflammatory polyarthritis to the claim. A preponderance of the evidence indicates the Office of

5

Judges was correct to find that Dr. Martin's opinion was credible and reliable. He opined that the requested conditions were not related to Mr. Rollyson's work environment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 11, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison